UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

            -v.-                                      ORDER

JOSE RUBERT,                             18-CR-776-5 (CS)

                     Defendant.
------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Jose Rubert's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 158), and the Government's opposition thereto, (Doc. 160).[1]  Defendant's case is on appeal, but I have jurisdiction under Federal Rule of Criminal Procedure 37 to defer consideration of the motion, deny it, or enter an indicative ruling in Defendant's favor.

       Defendant was arrested on October 26, 2018 and detained.  On January 17, 2020, Defendant was sentenced principally to 78 months' imprisonment on his conviction for narcotics conspiracy, which sentence is to run consecutively to Defendant's state sentence of 2-6 years' imprisonment for reckless endangerment, driving while ability impaired and attempted assault. (Doc. 143 at 2; Doc. 144 at 12.)  The sentence recommended under the Sentencing Guidelines was 87-1080 months, to run consecutively.  (Doc. 144 at 21.)  The Government notes that Defendant has served 22 months of his 78 month sentence, (Doc. 160 at 4-5), but it appears to the Court that Defendant is still serving his state time and has not begun to serve his federal sentence.  To give Defendant the benefit of the doubt, I will assume for the sake of argument that

---

[1] Defendant also requests home confinement or furlough, but only the Bureau of Prisons, not the Court, can provide that relief.  And because Defendant is currently serving a state sentence and is in state custody, it does not appear that he can seek that relief until such time as he completes his state sentence and is transferred to federal custody.

he has been earning federal as well as state credit and thus has served 22 of his 78 federal months.

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

Defendant argues that he suffers from health conditions – including "a small spur," a bad knee and mild asthma; that the latter, and his age (54), put him at increased risk for severe disease should he contract COVID-19; and that he is not getting the necessary "extensive therapy" for his knee pain. Presumably he means to contend that he fits the fourth category. The Government notes the absence of medical records or other corroboration of Defendant's conditions, and that it is his burden to show he merits release. That is true, but I will assume for the sake of argument that the cited conditions exist. None of them are among those that the

Centers for Disease Control has identified as causing increased risk,[2] and there are no COVID-19 cases in the Orange County Jail ("OCJ"), where Defendant is incarcerated. Further, while it is unfortunate that Defendant cannot get the desired treatment for his knee at OCJ, by his account the medical staff there is attending to him. In any event, even if his treatment falls below acceptable levels, his remedy would lie within the state system; a reduction in his federal sentence would not get him any different or better treatment while he is in OCJ, and in his motion he acknowledges that he can get the treatment once he is in federal custody. So Defendant has not shown extraordinary or compelling circumstances.

Even if he had, I would still have to consider the § 3553(a) factors. Defendant's offense was serious: he was responsible for the distribution of 310 grams of crack and 500 grams of cocaine. The instant case was Defendant's tenth criminal conviction, fourth felony and fifth drug crime. Seven of his priors did not count toward his Criminal History Category under the Sentencing Guidelines. Two of the priors were violent. Previous significant sentences did not deter him. He committed the instant crime while on bail for a serious state charge. Releasing defendant after he has served what I presume to be 28% of his sentence – a sentence that already was below what the Guidelines recommended – would undermine several of the purposes of sentencing. It would not be just punishment and would introduce unwarranted sentencing disparities. It would not give sufficient weight to Defendant's criminal history or his disrespect for the law. It would defeat the deterrent effect of the sentence. It would not suffice to protect the public from further crimes by Defendant, given the likelihood that he will, as he has so often in the past, revert to criminal behavior when released from prison. In short, even if Defendant

---

[2]Moderate-to-severe asthma is a factor that may increase risk, but Defendant says he has mild asthma.

had shown extraordinary and compelling circumstances, I would deny the motion in light of the offense, Defendant's history and the other § 3553(a) factors.

Accordingly, the motion is denied. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 158), and send a copy of this Order to Defendant Jose Rubert, No. 209102915, C-1-18, Orange County Jail, 110 Wells Farm Road, Goshen, NY 10924.

Dated: August 21, 2020
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.